IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DAVID ANDREW ANDERSON | § | |
| v. | § | CIVIL ACTION NO. 6:06cv494 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

The Petitioner David Anderson, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in the proceeding pursuant to 28 U.S.C. §636(c).

Anderson says that he was convicted of evading arrest by use of a motor vehicle and use or exhibition of a deadly weapon, the car, in the commission of this offense, for which he received a sentence of life in prison. The facts of the case, as stated in the opinion of the Twelfth Judicial District Court of Appeals, are as follows:

> On February 10, 2002, Appellant was driving eastbound on Interstate 20. Trooper Adam Nelson of the Department of Public Safety observed Appellant's white Camaro change lanes without signaling and cross the white line onto the improved shoulder of I-20. Both of these acts are traffic violations. Nelson stopped Appellant and notified him he would be issued a written warning for the violations. Nelson asked Appellant if he could search the Camaro, and Appellant gave his permission.
>
> After Appellant's passenger stepped out of the car on the passenger's side of the vehicle, Nelson observed a .40 caliber semi-automatic pistol under the edge of the seat. Nelson retrieved the pistol and took it to his patrol car to check it. While Nelson was doing this, Appellant got back in his Camaro and sped eastward down I-20, leaving his passenger behind and the passenger door wide open.
>
> Nelson took off in his DPS car in an attempt to catch Appellant. He reached speeds of 125-130 miles per hour during this attempt, but was unable to catch up with Appellant. Nelson radioed ahead to Trooper Wayne Hellen who was working a portion of I-20 farther to the east in Smith County. Hellen immediately got in his car and joined in pursuit of Anderson, who went by him going over 100 miles per hour. Appellant's Camaro finally stopped when one of its tires came apart at the exit ramp

1

of I-20 and U.S. Highway 271, approximately 13 miles from where Appellant had fled the traffic stop.

*See* Anderson v. State, --- S.W.3d ---, slip op. no. 12-02-00277-CR (Tex.App.-Tyler, June 2, 2004, pet. ref'd) (unpublished) (available on WESTLAW at 2004 WL 1202982).

Anderson was charged with evading arrest while using a vehicle, which is a state jail felony. Tex. Penal Code art. 38.04(b)(1).  The use or exhibition of a deadly weapon during the commission of a state jail felony enhances the punishment to a third-degree felony.  Tex. Penal Code art. 12.35(c)(1).  Proof of two previous felony convictions further enhances the punishment to a first-degree felony, carrying a sentencing range of 25 to 99 years or life.

Anderson pleaded not guilty to the charges against him, as well as "not true" to the enhancement charges.  The jury found him guilty of evading arrest, and that he had used or exhibited a deadly weapon, the automobile.  The trial court assessed punishment at life imprisonment.[1]

As noted above, Anderson filed a direct appeal, which was unavailing, and sought discretionary review, which was refused.  He also sought state habeas corpus relief, and the Texas Court of Criminal Appeals ordered the trial court to conduct an evidentiary hearing or secure affidavits.  After this was done, the Court of Criminal Appeals denied Anderson's habeas petition without written order.  Anderson then sought federal habeas corpus relief.

In his federal habeas petition, Anderson raises three grounds for relief.  He says that: (1) the evidence was insufficient to show that he committed the offense of evading arrest and using a deadly weapon in the commission of this offense; (2) the State failed to give timely notice of the deadly weapon enhancement; (3) he received ineffective assistance of counsel in that (a) counsel elicited testimony from the DPS trooper as to Anderson's prior felony convictions and (b) counsel failed to object to the jury charge regarding the issue of the use of the vehicle both as an element of the offense and an aggravating factor to the sentence.

---

[1]Anderson was also indicted and tried, in the same trial, on charges of unlawful possession of a firearm by a felon.  He was found not guilty on this charge.

The Respondent has been ordered to answer the petition and has done so.  Anderson has filed a response to the answer.  His grounds for relief will be addressed in turn.

### I. Sufficiency of the Evidence

Anderson argues that there was no evidence offered at trial that Trooper Nelson had attempted to arrest him.  While he does not expressly say so, his argument appears to be that he cannot be convicted of evading arrest, if there was no attempt to effect an arrest. This is shown by the fact that Anderson attaches a copy of his appellate brief to his petition, and this brief contends that there was insufficient evidence to find that Nelson was attempting to lawfully arrest or detain Anderson as required by the allegations made in the indictment.

The Fifth Circuit has held that in reviewing the sufficiency of the evidence in the context of habeas corpus proceedings challenging the judgment of a state court, the federal courts' review is limited to determining whether, based upon the record evidence adduced at trial, no rational trier of fact could have found proof of guilt beyond a reasonable doubt.  Lucas v. Johnson, 132 F.3d 1069, 1078 (5th Cir. 1998), *citing* Jackson v. Virginia, 443 U.S. 307, 324 (1979).  The court's review of the evidence is conducted in the light most favorable to the verdict.  Selvage v. Lynaugh, 823 F.2d 845, 847 (5th Cir. 1987).  The fact that the evidence was circumstantial does not mean that it is insufficient or that it will not support a verdict.  U.S. v. Ochoa, 609 F.2d 198, 203 (5th Cir. 1980).

In this case, the evidence showed that Anderson gave consent for Nelson to search the vehicle, and that during this search, a pistol was discovered.  When Nelson returned to his car to check the pistol, Anderson rushed to the driver's side of his car, got in, and sped away, leaving his passenger behind and the passenger-side door on his car open.

The evidence further showed that Nelson was going to write Anderson a warning ticket for the traffic violations, but that Anderson fled the scene before Nelson could finish.  (Statement of Facts, vol. V, pp. 122-23).  At the time that Anderson fled, Nelson had taken a gun, found in the car, back to his own vehicle to run a check on it.

3

The evading-arrest statute, Tex. Penal Code art. 38.04, provides that a person commits an offense if he intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or detain him.  In this case, the evidence, viewed in the light most favorable to the verdict, shows that Anderson was pulled over by the trooper, and that before Nelson could complete the traffic stop, while the officer was checking a gun which he had found, Anderson fled at a high rate of speed.  Although Anderson argues that there was no evidence that the officer was going to arrest him, he nonetheless was still detained by Nelson at the time that he fled.  Haas v. State, 172 S.W.3d 42, 50 (Tex.App.-Waco 2005) (pet. ref'd) (detention while awaiting computer warrant check permissible); Herrera v. State, 80 S.W.3d 283, 288 (Tex.App.-Texarkana 2002, pet. ref'd) (continued detention must be based on "articulable facts which, taken together with reasonable inferences from those facts, would warrant a person of reasonable caution in the belief that a continued detention was justified").  *See also* Texas Transportation Code, §§543.001-005 (Vernon 1999).  Under the statute, it is an offense to intentionally flee from a person he knows is a peace officer attempting lawfully to arrest or detain him.  Tex. Penal Code art. 38.04(a).  Because a rational trier of fact could find that Nelson was attempting lawfully to detain him at the time that he fled, Anderson's contention that the evidence was insufficient to support his conviction is without merit.

## II. Failure to give notice of enhancement

In his second ground for relief, Anderson says that under Article I, Section 19 of the Texas Constitution, an accused is entitled to notice from the State in some form that the use and exhibition of a deadly weapon will be a fact issue at the time of the prosecution.  In the present case, he says, counsel raised at trial the issue that the State did not give sufficient legal notice that the alleged use of a deadly weapon would be used to enhance his punishment, and the State responded that notice had been sent to Anderson's attorney, Robert Harden, on August 5, 2002, the day before jury selection began.  Anderson says that the notice was not even filed until 5:03 on August 5, after the close of business for the day, and that the certificate of service fails to specify the manner and means by which the instrument was served upon defense counsel.

4

At trial, Harden objected to the notice, pointing out that it had been filed after the close of business and that the first he learned of it was when it was handed to him in the courtroom that morning.  Harden argued that he was entitled to ten days' notice, but had received about ten minutes' notice.  After discussion with the Court and the prosecutor, Harden withdrew his objection to the notice in exchange for consolidation of the two cases pending against Anderson (i.e. the evading arrest case and the felon-in-possession case), so as to avoid the possibility of stacked sentences. (Statement of Facts, vol. IV, pp. 11-14).

Texas law provides that while a defendant is entitled to notice of prior convictions to be used for enhancement, such notice need not be pled in the indictment itself, so long as the State pled its intent to enhance in some form prior to trial.  Brooks v. State, 957 S.W.3d 30, 33-34 (Tex.Crim.App. 1997).  The notice in the present case included not only prior offenses, but the State's intent to use the automobile itself as an enhancing factor.

As Anderson's petition makes clear, this is a matter of state law, and there is no showing that any federal constitutional right is implicated.  The Fifth Circuit has held that violations of state law alone do not provide grounds for relief in federal court; instead, the proper inquiry in a federal habeas corpus proceeding is not whether rights under state law have been violated; federal habeas corpus is available only for the vindication of rights existing under federal law, not rights existing solely under the rules of state procedure.  Manning v. Warden, Louisiana State Penitentiary, 786 F.2d 710, 711 (5th Cir. 1986).  Where there has been a violation of state procedure, the proper inquiry is to determine whether there has been a constitutional infraction of the defendant's due process rights which would render the trial as a whole fundamentally unfair.  Manning, 786 F.2d at 711-12. *See also* Bronstein v. Wainwright, 646 F.2d 1048, 1050 (5th Cir. 1981) (a state's interpretation of its own laws or rules is no basis for federal habeas corpus relief since no constitutional question is involved); Derden v. McNeel, 978 F.2d 1453, 1458 (5th Cir. 1992).

Anderson has not shown that the allegedly late notice rendered his trial as a whole fundamentally unfair.  His response to the answer refers to "the unknowing and involuntary

relinquishment of basic constitutional protections" and to his having suffered "actual prejudice" as a result of the fact that the notice was filed at 5:03 p.m., after regular courthouse business hours, but these conclusory allegations are insufficient to show that a federal constitutional violation occurred or that the trial was rendered fundamentally unfair.  The Court of Appeals determined that the State's notice was proper, and Anderson has not shown that this decision was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. §2254(d); *see* Moore v. Cockrell, 313 F.3d 880, 881 (5th Cir. 2002).

In support of his claim, Anderson attaches a copy of a decision called Hudson v. State, 145 S.W.3d 323 (Tex.App.-Fort Worth 2004, pet. ref'd), in which the Second Judicial District Court of Appeals held that notice given of intent to seek an enhanced punishment *after* the guilt-innocence phase, but six days prior to the commencement of the punishment phase, was untimely.   In the present case, unlike in Hudson, the notice was received before the guilt-innocence phase of the trial had begun, and so the holding in Hudson is of little relevance; in addition, Hudson relies on state law, and offers nothing to indicate that Anderson's federal constitutional rights were violated. Anderson's claim on this point is without merit.

### III. Ineffective Assistance of Counsel

Third, Anderson asserts that he received ineffective assistance of counsel in two particulars. He states that counsel elicited testimony from the DPS trooper as to Anderson's prior felony convictions and waived objection to the jury charge regarding the issue of the use of the vehicle both as an element of the offense and an aggravating factor to the sentence.

To prevail on a claim of ineffective assistance of counsel, a state prisoner seeking federal habeas corpus relief must show that his attorney's performance was deficient and that the deficiency prejudiced him to the point that he was denied a fair trial.  Strickland v. Washington, 466 U.S. 668, 678 (1984).  This means that the habeas petitioner must establish both that (1) counsel's performance

6

was deficient in that it fell below an objective standard of reasonable competence and (2) the deficient performance so prejudiced the defense that the outcome of the trial was unreliable and there is a reasonable probability that, but for counsel's performance, the result of the trial would have been different.  Unless a petitioner makes both showings, he is not entitled to relief.  Lavernia v. Lynaugh, 845 F.2d 493, 498 (5th Cir. 1988).  The burden of proving ineffective assistance of counsel is on the petitioner.  Hayes v. Maggio, 699 F.2d 198, 201 (5th Cir. 1983).

In addition, the petitioner has the burden of identifying the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.  Strickland, 466 U.S. at 694; Jones v. Butler, 864 F.2d 348 (5th Cir. 1988), *cert. denied* 490 U.S. 1075 (1989).  General statements and conclusory charges of ineffectiveness will not suffice.  Green v. McGougan, 744 F.2d 1189, 1190 (5th Cir. 1984).

A. Eliciting Testimony from the Trooper

Anderson says in his first ground that the two DPS troopers, Nelson and Hellen, testified that he, Anderson, was traveling at a high rate of speed after he left the scene of the traffic stop, and that other vehicles on I-20 had to take evasive action because of the way that Anderson was driving.  However, Anderson says, his attorney "failed to prepare or take any steps which would have contradicted or mitigated this evidence," but instead embarked on a line of questioning "which could not have failed to prejudice the Applicant, i.e. informing the jury in the guilt-innocence phase that the Applicant had six prior felony convictions."

As to counsel's failure to "contradict or mitigate" the evidence of the high-speed chase, Anderson fails to point to any way in which counsel could have done this, particularly in light of the fact that the chase had been captured on videotape.  More pertinently, counsel's statements regarding Anderson's prior felony convictions were made in a bench conference, and thus out of the hearing of the jury.  Anderson concedes as much, saying as follows:

> Fortunately for Applicant, this did not come out during Trooper Nelson's testimony, but it is clear to see that counsel Harden was fully intending to pursue a line of questioning that would have informed the jury of Applicant's prior convictions when there was no need to do so.  This would have been a gratuity for the State; the jury

7

would have known of Applicant's prior convictions without any effort on the part of the prosecutor!

While Anderson goes on to argue that Harden's intent to bring out this information shows that the attorney rendered ineffective assistance, he has failed to show that he suffered prejudice as a result of an action which Harden allegedly intended to take, but did not. The discussion to which Anderson points took place out of the hearing of the jury, and Anderson concedes that "this did not come out during Trooper Nelson's testimony." In the absence of any showing of actual prejudice, Anderson's claim on this point is without merit.

Anderson then goes on to contend that Harden's cross-examination of Nelson still allowed the introduction of the fact that Anderson had a previous felony conviction. He cites a portion of the record, which did not come from Harden's cross-examination, as follows:

| | |
|---|---|
| MR. HARRISON: | Do you have your report with you? |
| MR. NELSON: | Yes, I do. |
| MR. HARRISON: | Does it have, does it include - actually, let me mark it. Let me show you what I'm marking. |
| MR. HARDEN: | Your Honor, I'm going to object to any attempt to introduce something that's not been produced in discovery. |
| THE COURT: | Response, counsel? |
| MR. HARRISON: | First of all, I haven't introduced anything, and second of all -- |
| MR. HARDEN: | I'm going to object to the witness testifying from a document not in evidence. |
| MR. HARRISON: | This was asked in cross-examination. He's the only one who brought it up. |
| THE COURT: | Objection's overruled. |
| MR. HARRISON: | Let me show you what I've marked as State's Exhibit 9. Cam you identify what this is? |
| MR. NELSON: | That is the ticket that I made out for Mr. Anderson for unlawful possession of a firearm by a felon. |

(Statement of Facts, vol. V, p. 124).

A review of the record shows that although Harrison said that the question was asked in cross-examination, in fact no mention was made of the unlawful-possession ticket during Harden's cross-examination, except in the bench conference noted above.  In any event, the record shows that Anderson was on trial for two offenses - evading arrest, and being a felon in possession of a firearm. The fact that Anderson was a felon thus could not be kept from the jury's knowledge, inasmuch as this was an essential element of the State's case in the latter offense. Tex. Penal Code art. 46.04(a). In fact, the jury had been informed that Anderson was charged with being a felon in possession of a firearm by the reading of the indictment at the start of trial, and so the fact that Nelson wrote a citation for this offense was simply cumulative to the information which the jury had already received.  Although Anderson indicates that he was prejudiced by this testimony, the record shows that he was found not guilty on the felon-in-possession charge.  Anderson has not shown that counsel acted ineffectively, much less that but for any such ineffectiveness, the result of the proceeding would probably have been different.  His claim on this point is without merit.

B. Failure to Object

Anderson says that counsel failed to object to the fact that the trial court erred in using his use of the vehicle both as an element of the offense of evading arrest, and also as an enhancement through its use as a deadly weapon.  He notes that on appeal, the Court of Appeals determined that counsel had not objected, and so the issue was not preserved for appeal.  Anderson contends that "by failing to object to the court's faulty charge, trial counsel subjected Appellant to a higher standard of post-conviction review for an error which would ordinarily have resulted in an automatic reversal."

Anderson is correct that counsel failed to lodge an objection and that the Court of Appeals denied relief specifically on this basis.  However, he has failed to show that such an objection by counsel would have been granted at all, much less that it was "automatic reversible error."

In State v. Hays, --- S.W.3d ---, slip op. no. 12-03-00167-CR (Tex.App.-Tyler, December 23, 2003, no pet.) (unpublished), the appellee Nancy Hays was indicted for evading arrest, for fleeing

in a vehicle from a peace officer attempting lawfully to arrest or detain her.  The indictment also alleged that Hays used or exhibited a deadly weapon, to-wit the vehicle, during the commission of or immediate flight from the offense, and one enhancement paragraph alleging a prior felony offense.

Hays filed a motion to quash the indictment, contending that the deadly weapon allegation was duplicative and unlawfully increased the applicable range of punishment for the offense.  She stated that if she were made to stand trial on the offense and a deadly weapon finding was made by the trier of fact, she would face an unconstitutional enhancement because the use of the vehicle is an element of the offense with its own increased punishment.  The trial court granted the motion to quash, and the State appealed.

On appeal, the State argued that the element of the use of a vehicle while committing the offense of evading arrest does not encompass the finding that the vehicle was a deadly weapon. Hays responded that the range of punishment could not be enhanced by alleging the use of the vehicle as a deadly weapon when use of the same vehicle is a necessary element of the underlying state jail felony offense.

The Court of Appeals concluded that an affirmative finding of a deadly weapon is permitted even where the use of the instrumentality characterized as a deadly weapon is an essential element of the committed offense, citing Thomas v. State, 2 S.W.3d 640, 642-43 (Tex.App.-Dallas 1999, no pet.), and Martinez v. State, 883 S.W.2d 771, 774 (Tex.App.-Fort Worth 1994, pet. ref'd). Consequently, the Court stated that the State was not prohibited from alleging that Hays' use of the vehicle was both an element of the state jail felony offense and the third degree felony, and the granting of the motion to quash was reversed.

This is the very argument which Anderson says that his attorney should have made.  He has not shown that the use of the vehicle as an enhancement and an element of the offense was reversible error; on the contrary, the Court of Appeals held that the State was not prohibited from doing exactly that.  The Thomas and Martinez decisions also held that a deadly weapon finding is not precluded where the weapon used also constituted an element in the charged offense.  Such an objection, if

10

raised by Harden, would necessarily have been denied as lacking in merit; Anderson has therefore failed to show that but for Harden's failure to make this objection, the result of the proceeding would probably have been different.  *See* McCoy v. Lynaugh, 874 F.2d 954, 963 (5th Cir. 1989) (counsel has no duty to make meritless objections).  His claim of ineffective assistance of counsel on this point is without merit.

In a related claim, Anderson appears to allege that there was insufficient evidence to show that he used a deadly weapon in the commission of the offense, or, alternatively, that the enhancement was unlawful and so he was only guilty of the lesser included offense of evading arrest with a vehicle, a state jail felony.

The contention that the enhancement was unlawful has been addressed above and is without merit.  The evidence at trial showed that after Anderson fled the scene, he proceeded on Interstate 20 at speeds between 100 and 120 miles per hour.  Other cars on the highway were forced to take evasive action.  Trooper Wayne Hellen testified that Anderson's car, in the manner and means of its use, was capable of causing death or serious bodily injury.  (Statement of Facts, vol. V, pp. 144-46).

For a vehicle which does not actually cause serious bodily injury or death to be considered a deadly weapon, there must be evidence that the vehicle was used in a manner which posed an actual, rather than merely a hypothetical, danger to others.  Drichas v. State, 175 S.W.3d 795, 799 (Tex.Crim.App. 2005); Brown v. State, --- S.W.3d ---, slip op. no. 10-05-00374-CR (Tex.App.-Waco, Feb. 21, 2007, reh. den.) (unpublished) (available on WESTLAW at 2007 WL 603408).  In Drichas, the record was unclear as to the presence of other motorists, or whether any of them were placed into actual danger.  *See* Drichas, 219 S.W.3d 471, 475 (Tex.App.-Texarkana 2007, pet. ref'd) (opinion after remand).  By contrast, Trooper Hellen testified in the present case as follows:

Q: (by the prosecutor):   Were you able to able to observe the
                          driving characteristics of the car that
                          you were pursuing?

A:     (Hellen) Yes.

Q:     And would you describe to the jury some of those driving characteristics?

A:      First off, it's an extremely high rate of speed, well over a hundred.  Probably between 100 and 120 would be his speed.  At times slower and faster.  In and out of traffic.  At one point he came up behind two vehicles, one in the left lane and one in the right lane; and he actually passed the left or both vehicles but he passed on the left shoulder and in the grass area of the median.  The left shoulder is only about three to four feet wide, and he had his right tires on the shoulder and his left tires in the grass.  He was probably running somewhere between 80 and 90 when he did this and it caused a big cloud of dirt, grass, dust to come up; and a lot of cars dodging out of the way because all this was happening beside them which to me was extremely hazard [sic], passing a car even partly on the grass at that kind of speed.  But the time I got to where they are, they had, most of them had got completely off on the other shoulder getting out of his way.

Statement of Facts, vol. V, pp. 144-45.

After testifying that "numerous cars and trucks" had pulled over onto the shoulder, Hellen testified that the pursuit ended when Anderson's left front tire blew out, causing it to "come apart," and pieces of rubber from the tire went flying up the road.  Anderson turned off onto the exit at Highway 271 and Interstate 20.

These facts, viewed in the light most favorable to the verdict, are plainly sufficient to show that Anderson's car was used in a manner which placed other persons on the road in actual, rather than merely hypothetical, danger.  Anderson's contention that the evidence is insufficient to show that he used a deadly weapon, his vehicle, in the commission of the offense is without merit.

Finally, in his appellate brief, which is attached to his petition, Anderson contends that the sentence of life imprisonment is disproportionate to the offense committed in light of the facts and circumstances surrounding the offense.  To the extent that he intended to raise this claim in his federal petition, it is without merit because the enhancements, including his prior convictions, raised the offense to a first-degree felony, and a sentence of life imprisonment is within the statutory range for a first-degree felony.  In Rummel v. Estelle, 445 U.S. 263 (1980), the defendant received a sentence of life imprisonment as a recidivist for obtaining $120.75 on false pretenses.  The Supreme Court held that this was not grossly disproportionate to the crime.  Here, Anderson was convicted of evading arrest using a motor vehicle, with a concomitant finding of use or exhibition of a deadly weapon in the commission of this offense.  Anderson has entirely failed to show, in light of Rummel, that this sentence is so "grossly disproportionate" as to violate the Eighth Amendment.  *See also*

12

Harmelin v. Michigan, 501 U.S. 957 (1991) (petitioner convicted of possessing 672 grams of cocaine received a mandatory sentence of life imprisonment without parole; this punishment was held to be neither cruel and unusual nor disproportionate to the offense); Hutto v. Davis, 454 U.S. 370 (1982) (sentence of 40 years for possession of less than nine ounces of marijuana was not grossly disproportionate). This claim, to the extent that Anderson intended to raise it in his federal petition, is without merit.

Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte* because the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. *See* Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

To obtain a certificate of appealability, a petitioner must make the same showing as was required for a certificate of probable cause. Else v. Johnson, 104 F.3d 82, 83 (5th Cir. 1997). The only difference is that the district court, in granting a certificate of appealability, must specify the issues to be appealed. Muniz v. Johnson, 114 F.3d 43, 45 (5th Cir. 1997).

The prerequisite for either a certificate of probable cause or a certificate of appealability is a substantial showing that the petitioner has been denied a federal right. Newby v. Johnson, 81 F.3d 567, 569 (5th Cir. 1996); James v. Cain, 50 F.3d 1327, 1330 (5th Cir. 1995). To do this, he must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. James, 50 F.3d at 1330.

In this case, Anderson has not made a substantial showing of the denial of a federal right. Nor has he shown that the issues are debatable among jurists of reason, that a court could resolve the

issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further.  Consequently, Anderson is not entitled to a certificate of appealability.

Conclusion

28 U.S.C. §2254(d) provides that in order to be granted a writ of habeas corpus in federal court, a petitioner must show that the state court's adjudication of his claim resulted in a decision which was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  *See* <u>Moore v. Cockrell</u>, 313 F.3d 880, 881 (5th Cir. 2002).  Anderson has wholly failed to make such a showing.

The Court has carefully examined the grounds for habeas corpus relief presented by the Petitioner David Anderson, as well as the answer filed by the Respondent, the Petitioner's response thereto, the state court records, and all other pleadings, documents, and records in the case.  Upon such examination, the Court has concluded that the Petitioner David Anderson has failed to show that he is entitled to the issuance of a writ of habeas corpus or to the relief sought in his application for such writ.  Absent a showing that the petitioner is in custody in violation of the Constitution, laws, or treaties of the United States, the relief sought cannot be granted.  28 U.S.C. §2241(c)(3). It is accordingly

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice.  It is further

ORDERED that the Petitioner David Anderson is hereby DENIED a certificate of appealability *sua sponte*.  Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** this **15** day of **June, 2007.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE

14